IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT ELSTON,

                              Petitioner,

            v.                                CASE NO. 06-3093-SAC

RAY ROBERTS, et al.,

                              Respondents.

O R D E R

        Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254, and has paid the $5.00 district court filing fee.  In this action, petitioner alleges constitutional error in his 2001 state court conviction for aggravated robbery.  Having reviewed the record, the court finds the petition is subject to being summarily dismissed as time barred.

        Following enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996, a one year limitation period applies to a habeas corpus petition filed by a prisoner confined pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1).  The running of this one year limitation period is subject to tolling for pursuit of state post-conviction relief or other collateral review.  *See* 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

        Applying these statutes to the dates provided by petitioner in his application, it appears petitioner's conviction on November 26, 2001, became final in December 2001 upon expiration of the time for filing a direct appeal.  *See* 28 U.S.C. § 2244(d)(1)(A)(one year

limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Petitioner thus had one year from that date to file a petition under § 2254 in federal court, or to toll the running of the limitation period by seeking post-conviction relief in the state courts.

Petitioner identifies a post-conviction motion he filed in 2003, but this had no tolling effect on the limitation period which had already expired in December 2002. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for state post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002). Accordingly, petitioner's filing of the instant § 2254 application in March 2006 is clearly outside the one year period imposed by § 2244(d)(1).

Nor does petitioner identify any facts warranting equitable tolling of the limitation period. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling of AEDPA limitations period is limited to rare and exceptional circumstances).

The court thus directs petitioner to show cause why the petition should not be dismissed as time barred. *See* Jackson v. Sec. for Dept. of Corrections, 292 F.3d 1347 (11th Cir.

2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a 2254 petition even though the statute of limitations is an affirmative defense).

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why the petition for writ of habeas corpus should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 4th day of May 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge