IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT ELSTON,

          Petitioner,

       vs.                                  Case No. 06-3093-JTM

RAY ROBERTS, *et. al.*,

          Respondents.

MEMORANDUM AND ORDER

This matter comes before the court on petitioner's writ of habeas corpus (Dkt. No. 1). For the reasons set forth below, the court denies petitioner's request.

*I.  Factual Background:*

Petitioner, Scott Elston, was arrested on one count of aggravated robbery by the Douglas County Kansas law enforcement agency in Lawrence, Kansas on June 23, 2001. At the arraignment on July 11, 2001, petitioner waived his preliminary hearing and entered a "not guilty" plea to the aggravated robbery charge. The jury trial was initially scheduled for September 4, 2001.

On August 29, 2001, Douglas County district court judges recused themselves from petitioner's case due to a possible conflict because petitioner was married to a district court non-judicial employee. Thereafter, on August 31, 2001, a different district court judge was appointed to preside over petitioner's case and the trial was rescheduled for October 17, 2001.

Petitioner, acting *pro se*, argues that he was denied his constitutional rights in that the trial was ultimately held 119 days from his arrest and 98 days from his initial arraignment. Petitioner also argues that the "90-day limitation to try the case expired on October 9, 2001." Petitioner's Memorandum (Dkt. No. 1), pg. 4 (citing K.S.A. 22-3402).

## II.  Standard of Review:

Under 28 U.S.C. § 2254(d), habeas corpus will not be granted on any federal claims already decided by the Kansas Supreme Court on the merits unless the decision of that court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Van Woudenberg ex. rel. Foor v. Gibson*, 211 F.3d 560 (10th Cir. 2000) (*quoting* 28 U.S.C. § 2254 (d)(1) and (2)).  A writ may be granted if the court finds "the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case."  *Id*. (*citing Williams v. Taylor*, 592 U.S. 362, 411 (2000)).

## III.  Conclusions of Law:

Petitioner argues that he was denied his constitutional right to a speedy trial under K.S.A. 22-3402 and the Sixth Amendment.  Petitioner also states that the state district court did not have jurisdiction to reconsider its order dismissing his case.  The court finds that petitioner's rights were not violated.

*A.  Petitioner's Sixth Amendment Claim:*

While petitioner states that he was denied the right to a speedy trial under K.S.A. 22-3402, no relief is available under 28 U.S.C. § 2254 for a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). In order to obtain habeas corpus relief, the petitioner must show a violation of his federal constitutional or statutory rights. *Id*. Therefore, this court will analyze whether petitioner is entitled to relief under the alleged violation of the Sixth Amendment.

The Sixth Amendment protects a defendant's right to a speedy trial after formal criminal charges are instituted and the criminal prosecution begins. *Harvey v. Shillinger,* 76 F.3d 1528, 1533 (10th Cir.), *cert. denied,* 519 U.S. 901 (1996). In order to analyze a petitioner's Sixth Amendment speedy trial claim, the court must analyze four factors: (1) the length of delay, (2) the reason for delay, (3) whether and how the defendant asserted his right to a speedy trial, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). The length of delay is a triggering requirement in the analysis. *Id*. The delay must be presumptively prejudicial in order to meet the first requirement of the analysis. *Id*. *See e.g., Doggett v. United States*, 505 U.S. 647, 651-52 (1992) (to state a constitutional speedy trial claim, petitioner must first establish the delay "crossed the threshold dividing ordinary from 'presumptively prejudicial' delay"). If the delay is "presumptively prejudicial," the court will inquire into the other factors. *Harvey,* 76 F.3d at 1528.

The Tenth Circuit has not drawn a bright line test beyond which pretrial delay will trigger the full *Barker* analysis, but has noted that "the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Harvey,* 76 F.3d at 1533

*(quoting Barker,* 407 U.S. at 530-31). *See U.S. v. Dirden,* 38 F.3d 1131, 1138 (10th Cir. 1994) (seven and one-half month delay between arraignment and trial not "presumptively prejudicial"); *United States v. Occhipinti,* 998 F.2d 791, 798 (10th Cir.1993) (delay of 172 days insufficient to trigger *Barker* analysis); *United States v. Kalady,* 941 F.2d 1090, 1095-96 (10th Cir.1991) (eight month delay between indictment and trial nonprejudicial); *United States v. Bagster,* 915 F.2d 607, 611 (10th Cir.1990) (delay of thirty months insufficient to trigger *Barker* analysis). *But see Perez v. Sullivan,* 793 F.2d 249, 255 (10th Cir.) (fifteen month delay triggered *Barker* analysis), *cert. denied,* 479 U.S. 936 (1986).

The court finds that the delay in this case was not "presumptively prejudicial." Petitioner was arrested on June 23, 2001. His arraignment occurred on July 11, 2001. On October 17, 2001, the day on which trial was scheduled, petitioner filed a motion to dismiss for violation of both his Constitutional and statutory speedy trial rights. Although the district court granted petitioner's motion, the State filed an immediate notice of appeal followed by a motion to reconsider. The district court rescinded its order of dismissal and reinstated the case against petitioner on October 18, 2001. Thereafter, on November 26, 2001, petitioner pled no contest in the district court to one count of aggravated robbery. From the petitioner's arraignment on July 11, 2001 until the date he entered the no contest plea, 138 days elapsed. However, the court will not count the delay caused by petitioner's motion to reconsider. *U.S. v. Dirden*, 38 F.3d 1131, 1138 (delays attributable to the defendant do not weigh against the government). Therefore, from the date of arraignment on July 11, 2001, until the scheduled trial, on October 17, 2001, 98 days elapsed. The court finds that the 98 days elapsing between petitioner's arraignment and the scheduled trial was not "presumptively prejudicial." *See Harvey*, 76 F.3d at 1534 (10th Cir.

1996) (finding that the 115-day time span between the filing of the complaint and the date of the start of the trial was not "presumptively prejudicial").  Therefore, the petitioner was not denied his Sixth Amendment right to a speedy trial.

*B.  Petitioner's State Law Claim:*

Petitioner also argues that the state district court did not have jurisdiction to reconsider its order dismissing his case.  However, the court declines to analyze this claim because the petitioner fails to raise a federal claim upon which relief can be granted.  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

IT IS ACCORDINGLY ORDERED this 16th day of November, 2006,  that petitioner's writ of habeas corpus (Dkt. No. 1 ) is denied.

                                                            s/ J. Thomas Marten
                                                            J. THOMAS MARTEN, JUDGE