IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCOTT ELSTON,

    Petitioner,

vs.                              Case No. 06-3093-JTM

RAY ROBERTS *et. al.*,

    Respondents.

MEMORANDUM AND ORDER

This matter comes before the court on petitioner's request for a certificate of appealability under 28 U.S.C. § 2253(c) and leave to appeal *in forma pauperis*.

A petitioner may seek a certificate of appealability where there is a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). *Yingling v. Workman*, No. 06-6179, 2006 WL 3086727, at *3 (10th Cir. 2006). Specifically, the petitioner must demonstrate that "jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Id*. (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

This court denied petitioner's writ of habeas corpus, noting that the delay in petitioner's trial was not "presumptively prejudicial" in contravention of the Sixth Amendment. From petitioner's arraignment on July 11, 2001 until the scheduled trial on October 17, 2001, 98 days elapsed, which was not "presumptively prejudicial." *See Harvey v. Shillinger* 76 F.3d 1528,

1533 (10th Cir. 1996) (finding that the 115-day time span between the filing of the complaint and the date of the start of the trial was not "presumptively prejudicial"); *U.S. v. Dirden*, 38 F.3d 1131, 1138 (10th Cir. 1994) (seven and one-half month delay between arraignment and trial not "presumptively prejudicial"); *United States v. Occhipinti*, 998 F.2d 791, 798 (10th Cir. 1993) (delay of 172 days not "presumptively prejudicial"); *United States v. Kalady*, 941 F.2d 1090, 1095-96 (10th Cir. 1991) (eight-month delay between indictment and trial nonprejudicial).  Due to the court's examination of the record and controlling precedent in its initial denial of petitioner's writ of habeas corpus, the court finds that petitioner has not demonstrated that reasonable jurists could determine that the issues presented are adequate to deserve encouragement to proceed further.  *See Miller-El*, 537 U.S. at 327.

Furthermore, petitioner requests leave to file the appeal *in forma pauperis*.  Under the Rules of Practice and Procedure for the District of Kansas:

> In all cases in which petitioner, movant or plaintiff is an inmate of a penal institution and desires to proceed *in forma pauperis*, in addition to the affidavit of poverty required by 28 U.S.C. § 1915, he or she shall submit a certificate executed by an authorized officer of the institution in which he or she is confined stating the amount of money or securities on deposit to his or her credit in any account in the institution.

D.Kan. Rule 91(g).

Petitioner states only that he "requests that this Honorable Court grant him a certificate of appealability in Forma Pauperis; as the petitioner is without the necessary funds to complete the appellate process."  Petitioner's Request for Certificate of Appealability (Dkt. No. 19), pg. 1.

Petitioner, an inmate, does not attach the affidavit of poverty required by 28 U.S.C. § 1915, nor does he submit a certificate stating the amount of money on deposit in the institution,

pursuant to local rules.  Therefore, the court denies petitioner's request to proceed *in forma pauperis*.

IT IS ACCORDINGLY ORDERED this 29th day of November, 2006 that plaintiff's motion (Dkt. No. 19) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE